UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD A. MERRILL,

    Plaintiff,

v.                                                 Case No. 8:24-cv-708-JLB-LSG

ELEAZAR PALACIOS-GOMEZ,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    The plaintiff Edward A. Merrill timely files a supplemental brief, Doc. 13, in support of his motion for a default judgment against the defendant Eleazor Palacios-Gomez pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure, and Local Rule 1.10(c). Doc. 10. Because Merrill fails to prove that his claim for damages exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs, I recommend an order dismissing the complaint without prejudice, Doc. 1, and denying the motion for default judgment, Doc. 10.

    **I.    BACKGROUND**

    Merrill sues Palacios-Gomez for defamation *per se* and alleges that Palacios-Gomez reported false allegations of child abuse against Merrill to Oregon's Child Protective Services ("CPS") on August 7, 2023, which damaged Merrill's reputation and "future standing." Doc. 1 at ¶ 31. Merrill alleges that Palacios-Gomez falsely reported to Oregon's CPS that, while Merrill, his wife, and their three-foster kids

vacationed at EPCOT, Palacios-Gomez witnessed Merrill kick a five-year-old boy who had crawled under the table at a restaurant, which resulted in the boy crying. Doc. 1 at ¶¶ 6-18, 22. The false report resulted in the Oregon Department of Human Services ("ODHS") investigating, interviewing Merrill, his wife, the foster children in their custody, and notifying the five-year-old boy's biological parents. Doc. 1 at ¶¶ 21-23; Doc. 10 at 3-4. In November 2023, ODHS completed the investigation and determined that Palacios-Gomez's child abuse allegations were unfounded. Doc. 1 at ¶ 24; Doc. 10 at 3-4. The complaint alleges that Palacios-Gomez's false child abuse allegations caused Merrill to suffer "reputation impairment, humiliation, inconvenience, and impairment of future standing in the amount to be determined at the time of trial, but in excess of $75,000," and requests $500,000 in punitive damages. Doc. 1 at ¶¶ 31-32.

Merrill served Palacios-Gomez on March 28, 2024, but Palacios-Gomez failed to appear or defend, resulting in the entry of a Clerk's default. Docs. 6-9. Merrill moves for default judgment on his defamation *per se* claim and seeks a judgment of $75,000 in non-economic damages and $150,000 in punitive damages. Doc. 10. Merrill files affidavits in support of his motion for default judgment, including affidavits from his wife and Solina Palacios, Palacios-Gomez's daughter who is now over the age of eighteen years old. Docs. 10-1, 10-2, 10-3. Although Merrill's complaint provides details of Palacios-Gomez's false report of child abuse against Merrill, the complaint fails to quantify his claim for non-economic and punitive damages. *See* Doc. 12 at 5-12. I took Merrill's motion for default judgment under

2

advisement and granted Merrill leave to file a supplemental brief proving that his claim for damages exceeds the jurisdictional threshold of $75,000. Doc. 12 at 12.

Merrill timely filed a supplemental brief in which he describes suffering three months under the cloud of a malicious accusation until the ODHS determined that Palacios-Gomez's allegations of child abuse were unfounded. Doc. 13 at 1-2. Along with having to wait for the results of the investigation, Merrill claims he suffered the humiliation of the false allegation "being shared with community members." Doc. 13 at 2. Merrill identifies three instances in which the ODHS and the Oregon Department of Justice have used Palacios-Gomez's false accusation against Merrill. Doc. 13 at 2-4. Along with these instances, Merrill claims that evidence of his damages is unnecessary because the law presumes damages in a case of defamation *per se* action. Merrill asks for "presumed" non-economic damages in the amount of $75,000, and punitive damages in the amount of $150,000. Doc. 13 at 5-7.

## II.  ANALYSIS

### A.  Merrill fails to quantify his claims for indeterminate damages and provide an objectively reasonable basis for awarding damages above the jurisdictional amount.

Despite the opportunity to provide supplemental briefing, Merrill fails to show that his claims for indeterminate non-economic and punitive damages exceed the jurisdictional amount in controversy. Merrill need not plead or prove entitlement to damages in an action for defamation *per se* because Florida law presumes damages. Doc. 13 at 4-5; *Alan v. Wells Fargo Bank, N.A.*, 604 F. App'x 863, 865 (11th Cir. 2015);

*Lawnwood Med. Ctr., Inc. v. Sadow*, 43 So. 3d 710, 729 (Fla. 4th DCA 2010). However, Merrill must prove the amount. Fed. R. Civ. P. 55(b); *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that in a default judgment, "[d]amages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'") Additionally, because Merrill invokes this Court's diversity jurisdiction, he "bears the burden of proving by a preponderance of the evidence that the claim on which [he] is basing jurisdiction meets the jurisdictional minimum." *King v. Epstein*, 167 F. App'x 121, 123 (11th Cir. 2006).

    Here, Merrill requests an award of non-economic damages of $75,000 and punitive damages of $150,000. Doc. 13 at 5-7. To show that his claims for damages exceed the jurisdictional amount, Merrill's supplemental briefing alleges that both the ODHS and Oregon DOJ used Palacios-Gomez's false allegations against Merrill on three occasions. Doc. 13 at 2-4. First, Merrill claims that "[f]ollowing service of the lawsuit in the present case, [Palacios-Gomez] contacted the girls then caseworker with ODHS." Doc. 13 at 2. Merrill does not describe the nature of Palacios-Gomez's discussion with the ODHS caseworker, only that Palacios-Gomez provided ODHS with screenshots of the complaint from this lawsuit. Doc. 13 at 2. Merrill claims that the ODHS caseworker sent a screenshot of Merrill's complaint from this lawsuit to Merrill's wife and said that ODHS was "looking into revoking [her] certification and will be doing everything we can to interfere [in] this . . . lawsuit." Doc. 13 at 2-3.

Second, OHDS published a report on April 4, 2024, which included a heading titled "Circumstances of Alleged Abuse." Doc. 13 at 3. Merrill explains that this portion of the report "referenced the present lawsuit filed by [Merrill] against [Palacios-Gomez] and states that [Merrill] was reportedly witnessed kicking the five-year-old under the table." Doc. 13 at 3. However, this report includes a parenthetical saying "(Documented/Assigned 08/21/2023, Unfounded)." Doc. 13 at 3.

Finally, Merrill alleges "ongoing damage to [Merrill's] professional representation and standing in the community" by explaining that the Oregon DOJ used Palacios-Gomez's child abuse allegations against Merrill during a hearing. Doc. 13 at 3. Merrill alleges that he served as a "legal representative" in a case involving the five-year-old foster boy that was the subject of the false child abuse report. Doc. 13 at 3. A hearing occurred after ODHS' investigation and after the filing of this action. Doc. 13 at 3-4. Merrill alleges that during the hearing, the Oregon DOJ objected to the relief he requested and relied on Palacios-Gomez's false report of child abuse report against Merrill. Doc. 13 at 3-4. After reciting the false allegations of abuse, the Oregon DOJ said that "[u]ltimately, this incident was unfounded," but went on to say that Merrill "filed a lawsuit against Mr. Palacios for the statements made to ODHS during the course of this assessment." Doc. 13 at 4. Merrill alleges that he lives and works in Deschutes County, Oregon, Doc. 13 at 4, where the hearing occurred.

Despite providing these examples of harm, Merrill fails to satisfy his burden of demonstrating that his indeterminate damages exceed the jurisdictional threshold.

Instead of quantifying his damages, Merrill describes categories of harms and asks this Court to award Merrill $75,000 in presumed damages. Doc. 13 at 5-6. However, because Merrill supplies no evidence to support his calculation of damages, this Court cannot not find that Merrill's claim exceeds the jurisdictional amount without engaging in impermissible speculation. *See Skiera v. Tiviluk*, No. 2:20-CV-80-FTM-38MRM, 2020 WL 619098, at *1 (M.D. Fla. Feb. 10, 2020) ("[A]lthough Skiera alleges a litany of generic damages, she does not come close to connecting those damages with any kind of dollar value. And it is not the Court's burden to speculate or guess at the amount in controversy.").

Further, an award of presumed damages must generally approximate the harm that a plaintiff suffers. *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 310–11 (1986); *Szymkowicz v. Frisch*, No. CV 19-3329 (BAH), 2020 WL 4432240, at *8 (D.D.C. July 31, 2020) (finding that the plaintiff failed to satisfy the amount-in-controversy requirement by claiming presumed damages in a defamation lawsuit because the plaintiff "failed to explain in any concrete terms how defendant's statements harmed him."). Absent evidence quantifying Merrill's allegations of harm, Merrill's claims for presumed damages are speculative and fail to satisfy his burden of proving beyond a preponderance of the evidence that his claim exceeds $75,000. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 809 (11th Cir. 2003) (noting that a party's speculation is insufficient to prove by a preponderance of the evidence the claim exceeds $75,000).

6

Similarly, Merrill seeks punitive damages of $150,000. Generally, an award of punitive damages must be proportional to a plaintiff's claim for actual damages. *Connally v. Fla. HMA Reg'l Serv. Ctr., LLC*, No. 8:21-cv-2750-VMC-CPT, 2022 WL 92829, at *3 (M.D. Fla. Jan. 10, 2022) (explaining that a court may not rely on "rank speculation" to "add an amount of punitive damages to the amount in controversy calculation [if] no evidence of the actual punitive damages at issue . . . has been provided"); *Freeman Holdings of Arizona, L.L.C. v. Does*, 1-50, No. CV-11-01877-PHX-NVW, 2013 WL 210810, at *4 (D. Ariz. Jan. 18, 2013). Merrill's supplemental briefing and supporting affidavits offer no evidence quantifying his actual damages and, therefore, no evidence that his claim for punitive damages is proportional to actual damages. Further, Merrill's supplemental briefing provides no objectively reasonable basis to support his claim for punitive damages exceeding the jurisdictional threshold. *Rae v. Perry*, 392 F. App'x 753, 756 (11th Cir. 2010) ("Perry failed to present evidence that showed by a preponderance of the evidence that the compensatory and unspecified damages in the complaint, including punitive damages and attorneys' fees, alone or combined, met the jurisdictional amount. Perry's calculations were based on his own speculation, and therefore, were not objectively reasonable.").

### III.   CONCLUSION

Accordingly, because Merrill fails to adequately demonstrate his entitlement to damages exceeding the jurisdictional amount in controversy, I recommend that an order dismissing the complaint for lack of subject matter jurisdiction and denying the

plaintiff's motion for default judgment. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (holding that federal courts have an "independent obligation to ensure that they do not exceed the scope of their jurisdiction" and "must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises.").

**REPORTED** on this 3rd day of March, 2025.

LINDSAY S. GRIFFIN
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the day of service of this report either to file written objections to the proposed findings and recommendation or to seek an extension of the fourteen-day deadline. 28 U.S.C. § 636(b)(1)(C). Under Eleventh Circuit Rule 3-1, a party failing to object to a magistrate judge's findings or recommendations "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). If the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.